# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.                                                                 CASE NO. 4:96cr56-RH

DAVE CRUMP,

      Defendant.

_____/

## ORDER DENYING MOTION TO REDUCE
## SENTENCE UNDER AMENDMENT 706

The defendant Dave Crump submitted a letter asserting he qualifies for a sentence reduction under United States Sentencing Guidelines Amendment 706 and asking for appointment of the Federal Public Defender for the purpose of seeking relief on this basis. I appointed the Federal Public Defender, who reviewed the matter and moved to withdraw. I granted leave to withdraw. I now treat Mr. Crump's letter as a *pro-se* motion for a sentence reduction. I deny the motion.

I

The Sentencing Guidelines establish a guideline range for each defendant. The range is based on the defendant's "total offense level" and "criminal history

category."  The total offense level is based on the defendant's "base offense level" with increases or decreases based on specific offense characteristics.  For drug offenses, the base offense level ordinarily turns on the type and quantity of drugs properly attributed to the defendant.  *See* U.S. Sentencing Guidelines Manual § 2D1.1 (2007) (hereafter cited as "*Guidelines Manual*").

On May 1, 2007, the United States Sentencing Commission adopted Amendment 706.  The amendment reduces the crack cocaine base offense level.  In most circumstances, the amount of the reduction is two levels.  *The amendment does not, however, affect the base offense level for offenses which did not involve crack.*

Congress did not act to block the amendment.  The amendment thus became effective on November 1, 2007.  The amendment applies to sentences imposed on or after that date.

## II

When the Sentencing Commission adopts an amendment reducing a guideline range, the Commission has express statutory authority—indeed, it may even have a statutory duty—to determine whether and under what circumstances courts will be allowed to apply the amendment retroactively to sentences imposed prior to the amendment's effective date.  The statute provides:

> If the Commission reduces the term of imprisonment recommended in

the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced.

28 U.S.C. § 994(u).

When the Commission determines that an amendment may be applied retroactively, a court may reduce a sentence, but only under the circumstances and to the extent specified by the Commission. The court may act on its own motion or on motion of a defendant or the Bureau of Prisons. The statute that authorizes a sentence reduction provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered by the Sentencing Commission* pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added). By its plain terms, the statute allows a reduction only when a defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

The "applicable policy statements issued by the Commission," within the meaning of § 3582(c)(2), are set forth in *Guidelines Manual* § 1B1.10. Acting under its § 994(u) authority, on December 11, 2007, the Commission amended *Guidelines Manual* § 1B1.10 to include Amendment 706 in the list of retroactive

amendments, effective as of March 3, 2008.  But § 1B1.10 confirms what the statute makes clear:  a court may reduce a defendant's sentence only if "the guideline range *applicable to that defendant* has subsequently been lowered" by a retroactive amendment.  *Guidelines Manual* § 1B1.10(a)(1) (emphasis added).

III

Mr. Crump was sentenced on March 20, 1997.  The highest base offense level for drug offenses, then as now, was 38.  Level 38 was applicable to offenses involving 150 kilograms or more of powder cocaine and to offenses involving 1.5 kilograms or more of crack cocaine.  Amendment 706 made no change to the powder cocaine offense levels.  Under Amendment 706, level 38 now applies to offenses involving 4.5 kilograms or more of crack.

The presentence report held Mr. Crump responsible for at least 190 kilograms of powder.  Mr. Crump objected.  At the sentencing hearing, I held that he was responsible for at least 150 kilograms of powder, thus placing him in offense level 38, even without regard to the fact that much of the powder was foreseeably converted to crack.  I noted at the sentencing hearing that the amount of crack for which Mr. Crump was responsible exceeded the 1.5 kilogram threshold for level 38.  Had it mattered, the finding would have been that the amount exceeded 4.5 kilograms of crack.

In short, Mr. Crump's base offense level after adoption of Amendment 706,

as before, is 38. Because there were no adjustments to his base offense level, Mr. Crump's total offense level is 38, his criminal history category is I, and his guideline range is 235 to 293 months. The minimum mandatory was (and is) 10 years. I sentenced Mr. Crump to 264 months, the midpoint of the range. He is not eligible for a reduction under Amendment 706.

IV

For these reasons,

IT IS ORDERED:

1. Defendant Dave Crump's letter dated February 12, 2008 (document 759), treated as a motion to reduce his sentence under United States Sentencing Guidelines Amendment 706, is DENIED.

2. The clerk must provide a copy of this order to Mr. Crump himself by mail and to the attorneys of record and the Federal Public Defender through the electronic filing system.

SO ORDERED on August 25, 2008.

s/Robert L. Hinkle<br>Chief United States District Judge